UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LAFVORNE LEVI BARNETT,

                          Plaintiff,

            -against-

ROCKLAND COUNTY JAIL MATNICE, et
al.,

                          Defendants.

**ORDER TO AMEND**

22-CV-02755 (PMH)

PHILIP M. HALPERN, United States District Judge:

Lafvorne Levi Barnett ("Plaintiff"), who is currently incarcerated at Great Meadow Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983, alleging that his rights were violated while detained at the Rockland County Jail. Plaintiff sues: (1) Rockland County Jail Matnice; (2) Tony, Rockland County Jail Food Admin.; (3) Angelo, Rockland County Jail Food Admin.; (4) Mueller, Rockland County Jail "Cheff"; (5) Anthung Masi, Head of Food Service; and (6) John and Jane Doe (collectively, "Defendants").[1] (*See* Doc. 1, "Compl."). By Order dated April 14, 2022, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). (Doc. 5). For the reasons set forth below, the Court grants Plaintiff leave to file an Amended Complaint within 60 days of the date of this Order.

## BACKGROUND

Plaintiff alleges that, while he was detained at the Rockland County Jail, there was mold on the walls of the shower in the "A wing," mold on the water fountain, and worms in the sink drains. (Compl. at 6). Plaintiff alleges further that the food provided was not kept warm or safe from COVID-19, and that the drinking water tasted like it may contain contaminants. (*Id*.).

---

[1] With respect to the first Defendant identified, "Rockland County Jail Matnice," the Court believes that Plaintiff intends to proceed against an entity known as "Rockland County Jail Maintenance."

Plaintiff, who suffers with asthma, alleges that the conditions at the Rockland County Jail affected his asthma, causing him to use his asthma machine and pump more than one time. (*Id*. at 7). He also alleges improper ventilation because the windows are bolted shut. (*Id*.). He seeks $3.8 million in damages. (*Id*.).

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Federal Rule of Civil Procedure 8, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must

accept all well-pled factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pled factual allegations, the Court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id*.

## DISCUSSION

Plaintiff, who was a pretrial detainee at the time of the events giving rise to his claims, asserts claims regarding the conditions at the Rockland County Jail. The Court construes these allegations as asserting a conditions of confinement claim under the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *See Bell v. Wolfish*, 441 U.S. 520, 536 n.16 (1979); *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017).

A conditions of confinement claim under the Fourteenth Amendment has two parts: (1) an "objective" element, which requires a "showing that the challenged conditions were sufficiently serious to constitute objective deprivations of the right to due process," and (2) a "subjective" or "mental element" prong, which requires a "showing that the officer acted with at least deliberate indifference to the challenged conditions." *Darnell*, 849 F.3d at 29.

In order to satisfy the first element, a plaintiff "must show that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health." *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013) (citing *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). The deprivations must also be measured by their "severity and duration, not the resulting injury." *Darnell*, 849 F.3d at 32. The second element of the deliberate indifference test requires the plaintiff to state facts suggesting "that the [defendant] acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate that the condition posed to the pretrial

detainee even though the [defendant] knew, or should have known, that the condition posed an excessive risk to health or safety." *Id*. at 35.

Here, Plaintiff does not state a conditions of confinement claim because he does not allege enough facts suggesting that Defendants were: (1) aware of such conditions and a specific risk of serious injury to Plaintiff; or (2) that Defendants chose to ignore the conditions and the risk to Plaintiff. Plaintiff fails, therefore, to state a conditions of confinement claim.

## **LEAVE TO AMEND**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid conditions-of-confinement claim, the Court grants Plaintiff sixty days' leave to file an Amended Complaint and detail his claims.

Plaintiff is granted leave to amend his complaint to provide more facts about his claims. First, Plaintiff must name as the defendant(s) in the caption[2] and in the statement of claim those individuals who were allegedly involved in the deprivation of his federal rights. If Plaintiff does

---

[2] The caption is located on the front page of the complaint. Each individual defendant must be named in the caption. Plaintiff may attach additional pages if there is not enough space to list all of the defendants in the caption. If Plaintiff needs to attach an additional page to list all defendants, he should write "see attached list" on the first page of the Amended Complaint. Any defendants named in the caption must also be discussed in Plaintiff's statement of claim.

4

not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the Amended Complaint.[3] The naming of John Doe defendants, however, does *not* toll the three-year statute of limitations period governing this action and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" defendants and amending his complaint to include the identity of any "John Doe" defendants before the statute of limitations period expires. Should Plaintiff seek to add a new claim or party after the statute of limitations period has expired, he must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

In the "Statement of Claim" section, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the Amended Complaint that Plaintiff wants the Court to consider in deciding whether the Amended Complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's Amended Complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

---

[3] For example, a defendant may be identified as: "Correction Officer John Doe #1 on duty August 31, 2020, at Rockland County Jail, during the 7-3 p.m. shift."

Because Plaintiff's Amended Complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the Amended Complaint.

## CONCLUSION

Plaintiff is granted leave to file an Amended Complaint that complies with the standards set forth above. Plaintiff must submit the Amended Complaint to this Court's Pro Se Intake Unit within sixty days of the date of this Order, caption the document as an "Amended Complaint," and label the document with docket number 22-CV-2755 (PMH). An Amended Civil Rights Complaint form is attached to this Order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, this action will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of the Court is respectfully directed to mail a copy of this Order to Plaintiff.

SO ORDERED.

Dated:    May 4, 2022
          White Plains, New York

                                          _____
                                          PHILIP M. HALPERN
                                          United States District Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-

_____

_____

_____

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

_____CV_____
(Include case number if one has been assigned)

**AMENDED**
**COMPLAINT**
(Prisoner)

Do you want a jury trial?
☐ Yes     ☐ No

---

## NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I.   LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.   PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

First Name                Middle Initial             Last Name

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

Current Place of Detention

Institutional Address

County, City                              State                    Zip Code

## III.   PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

## IV.     DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

| | | |
|---|---|---|
| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

Defendant 2:

| | | |
|---|---|---|
| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

Defendant 3:

| | | |
|---|---|---|
| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

Defendant 4:

| | | |
|---|---|---|
| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

## V.      STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

_____           _____
Dated                                                        Plaintiff's Signature

_____
First Name                        Middle Initial            Last Name

_____
Prison Address

_____
County, City                                State                      Zip Code

Date on which I am delivering this complaint to prison authorities for mailing:   _____