UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LAFVORNE LEVI BARNETT,

                    Plaintiff,

        -against-

ROCKLAND COUNTY JAIL MATNICE, et al.,

                    Defendants.

**ORDER OF DISMISSAL**

22-CV-02755 (PMH)

PHILIP M. HALPERN, United States District Judge:

Lafvorne Levi Barnett ("Plaintiff"), proceeding *pro se* and *in forma pauperis* ("IFP"), is currently incarcerated at Great Meadow Correctional Facility and brings an action alleging that conditions during his detention at Rockland County Jail violated his rights. (Doc. 1). As Plaintiff failed to allege facts showing that Defendants: (1) were aware of the conditions and a specific risk of serious injury to Plaintiff; and (2) chose to ignore the conditions and the risks to Plaintiff, the Court directed Plaintiff to amend his Complaint to address these deficiencies. (Doc. 8).

Plaintiff filed an Amended Complaint on May 17, 2022. (Doc. 9). For the reasons set forth below, the action is, accordingly, DISMISSED.

**BACKGROUND**

The allegations in the Amended Complaint are essentially identical to those in the Complaint. Plaintiff alleges that, while he was detained at the Rockland County Jail, there was mold on the walls of the shower in the "A wing." (Doc. 8). He alleges also that there was mold on the water fountain and bugs in the sink drains. (*Id*.). Plaintiff further alleges that the food provided was not kept warm or safe from COVID-19. (*Id*.). Plaintiff, who suffers with asthma, alleges that the conditions at the Rockland County Jail affected his asthma, causing him to use his asthma machine. (*Id*.). He also alleges improper ventilation because the windows are bolted shut. (*Id*.).

In the Complaint, Plaintiff sought $3.8 million in damages. (Doc. 1 at 7). In the Amended Complaint, Plaintiff seeks $8.5 million in damages. (Doc. 8).

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Federal Rules of Civil Procedure 8, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pled factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which

are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pled factual allegations, the Court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id*.

## DISCUSSION

In his Amended Complaint, Plaintiff appears to name the same Defendants, but again does not state how these Defendants were involved in the alleged conditions-of-confinement claims. Plaintiff does not, in the single handwritten page labeled "Amended Complaint," allege any facts suggesting that anybody was aware of and ignored the alleged conditions and a specific risk of serious injury to Plaintiff. Plaintiff's allegations therefore remain insufficient to state a conditions-of-confinement claim and therefore must be dismissed. *See Bell v. Wolfish*, 441 U.S. 520, 536 n.16 (1979); *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017), *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013) (citing *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)).

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in the Amended Complaint cannot be cured with a further amendment, the Court declines to grant Plaintiff another opportunity to amend.

## CONCLUSION

The Amended Complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order of Dismissal would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of the Court is respectfully directed to mail a copy of this Order of Dismissal to Plaintiff and close this case.

**SO ORDERED:**

Dated:    White Plains, New York
          June 1, 2022

_____
PHILIP M. HALPERN
United States District Judge

4